UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CEDAR RIDGE, LLC.**                              **CIVIL ACTION**

**VERSUS**                                        **NO: 13-672**

**LANDMARK AMERICAN**                             **SECTION: "I" (4)**
**INSURANCE COMPANY, ET AL.**

ORDER

Before the Court is a **Motion for Leave of Court to File First Supplemental and Amending Third Party Complaint and Request for Expedited Hearing (R. Doc. 56)**, filed by Defendants / Third Party Plaintiffs, Landmark American Insurance Company, ("LAIC") and RSUI Indemnity Company, ("RSUI"), seeking leave of the Court to file a third party complaint against National Fire Insurance Company of Hartford, ("National Fire") the insurer of third-party defendant, Roof Technologies, Inc., ("Roof Tech"). Roof Tech opposed the motion. (R. Doc. 63). LAUI filed a reply to the opposition. (R. Doc.75). The motion was heard on the briefs on December 11, 2013.

I.     Background

Cedar Ridge instituted the instant action for damages which were sustained to its commercial property in the Riverlands Shopping Center in Laplace, Louisiana, on or around August 29, 2012, from the aftermath of Hurricane Isaac. (R. Doc. 1). Landmark allegedly issued a commercial property insurance policy, No. LHD387065, on these properties to Cedar Ridge. (R. Doc. 51-1, p. 1).

Following Hurricane Isaac, Cedar Ridge hired Roof Tech Technologies, Inc., ("Roof Tech")

to make temporary repairs to the shopping center's roof. *Id.* On September 14, 2012, Cedar Ridge retained Mr. Ray Gonzales of Property Damage Consultants, LLC, ("PDC"), to determine the repair costs of the roof damage, as well as the cost of replacing the entire roof. (R. Doc. 17-2, p. 5; R. Doc. 51-1, p. 2).

Shortly thereafter, LAUI retained its own alleged expert, Engle Martin & Associates, Inc., ("Engle") to adjust Cedar's claim of loss at Riverlands. (R. Doc. 1, p. 3). On behalf of Engle, Unified Building Services ("UBS") and Unified Building Sciences & Engineering ("UBSE") inspected the roof and the temporary repairs by Roof Tech. (R. Doc. 17-2, p. 5; *see also* R. Doc. 51-1, p. 2). UBSE issued an investigative report that allegedly "opined the splits in the roof caused by Hurricane Isaac were minimal and could have been repaired, but *additional damage was caused by Roof Tech's installation of the tarps* with *nailing strips, screws and asphalt roof cement.*" *Id.* at 5.

Furthermore, when UBSE returned in October 2012, LAUI alleges that UBSE observed a "peel and stick" type material that was installed by Roof Tech had "multiple installation related deficiencies throughout the temporary repair locations which allowed moisture intrusion." (R. Doc. 51-1, p. 2). Based on this report and its purported policy exclusions, LAUI was advised that its liability was approximately $378,000.00, which is less than the policy deductible. *Id.* Therefore, LAUI argues that no payment is owed under the policy.

Cedar Ridge filed the instant action in federal court on April 10, 2013, alleging that it paid $772,079.00 for roof repairs, and that it faced an additional $1,000,000 in repair costs, as well as seeking damages against LAUI & RSUI for breach of contract, breach of the duty of good faith and fair dealing pursuant to La. R.S 22:1973, and for breach of its statutory duty owed under La. R.S 22:1892. *Id.* LAUI subsequently filed a third-party demand against Roof Tech on September 10, 2013. (R. Docs. 31, 36).

As to the instant motion, Defendants LAUI and RSUI contend that on September 18, 2013, it propounded discovery on Roof Tech, which included a request for a copy of its policy of insurance in effect at the time of the incident. (R. Doc. 56, p 1.) Roof Tech allegedly objected to producing its policy on November 11, 2013. *Id.* at 2. However, on November 19, 2013, Roof Tech ultimately produced a copy of the insurance policy, which was issued by National Fire Insurance Company of National Fire ("National Fire"). *Id.* at 2, ¶4. As such, LAUI and RSUI now seek to amend their complaint and file a third-party demand against National Fire to seek indemnity from them for the damages that its insured, Roof Tech, allegedly caused to the property. *Id.* at ¶ 5.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 14(a)(1) states that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or ***may*** be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it filed the third-party complaint more than 14 days after serving its original answer." *Id* (emphasis added). Courts are granted wide discretion in determining whether to permit third-party claims. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984).

Courts have applied several factors when deciding whether to allow a third-party complaint. The factors are: "(1) prejudice placed on the other parties, (2) undue delay by adding the third-party plaintiff, (3) lack of substance to the third-party claim, and (4) advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)." *Id.* at 183 (citation omitted).  "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, 2012 WL 5989206, at *3 (S.D. Tex. Nov. 29, 2012) (citation omitted).

A court's discretion is improper where the third-party plaintiff "cannot show a basis for the

third-party defendant's liability to the third-party plaintiff." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978).  Thus, a third-party defendant "must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant." *United States v. Joe Grasson & Son, Inc.*, 380 F.2d 749, 750-52 (5th Cir. 1967); *United States ex rel. Branch Consultants, LLC v. Allstate Insurance Co.*, 265 F.R.D. 266, 272 (E.D. La. 2010) (quoting *Joe Grasson*).

Rule 14(a) exists to bring in "third parties who are *derivatively* liable to the impleading party." *Vinmar,* at 2012 WL 5989206, *3 (*citing Hassan v. La. Dep't of Transp.& Dev.,* 1999 WL 642861, at *2 (5th Cir. July 26, 1999))(emphasis in original); *see also Briones v. Smith Dairy Queens, Ltd.*, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) ("[s]uch complaints require that the 'defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'") (*quoting Anadarko Petrol. Corp. v. Great Plains Gas Compression, Inc.*, 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007)).

## III.   Analysis

### A.   The Untimely Filed Motion for Leave to File Amended Third Party Complaint

Before considering the merits of the motion, in accordance with the presiding Judge's Scheduling Order, amendments to pleadings were due no later than November 4, 2013. (R. Doc. 41, p.2). No extensions were granted, and the Scheduling Order expressly stated that any motion, or in this instance, amendment would necessitate a showing of good cause. *Id.* LAUI's motion however,  was filed on November 26, 2013, and is thus, untimely.

Fed. R. Civ. P. ("Rule") 16(b) requires the district court to, among other things, limit the time for the parties to join other parties should a party attempt to amend its pleadings to join another party after the deadline for taking such an action has expired. The district court must first determine whether

4

to modify its scheduling order, under the standards of Rule 16(b). *Howell v. Standard Motor Products, Inc.,* 2001 WL 196969, at *1 (N.D. Tex. Feb. 26, 2001).

Rule 16(b) states that a party seeking to modify a scheduling order after the deadlines have expired, must show good cause. *Id. See also Matias v. Taylors Intern. Serv's, Inc.,* 2010 WL 3825402, at *3 (E.D. La. Sept. 24, 2010); *see S & W Enters.,* 315 F.3d at 536; *Valcho v. Dallas County Hosp. Dist.,* 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) ("when as here, the deadline for seeking leave to amend pleadings has expired, a court considering the motion to amend must first determine whether to modify the scheduling order under the good cause standard for [Rule] 16(b)(4)").

The good cause standard focuses on the diligence of the party seeking to modify the scheduling order. The mere inadvertence by the movant does not satisfy the good cause requirement. *See id.* Instead, the moving party may "demonstrate good cause by showing that, despite his diligence, he could not have met the scheduling deadline." *Howell,* at *1; *McCombs v. Allwaste Recovery Sys.,* 1999 WL 102816 at *2; *Am. Tourmaline Fields,* at *1 (internal citations omitted).

Here, LAUI and RSUI contend that on September 18, 2013, it propounded discovery on Roof Tech, which included a request for a copy of its policy of insurance in effect at the time of the incident. (R. Doc. 56, p 1.) Roof Tech allegedly objected to producing its policy on November 11, 2013. *Id.* at 2. However, on November 19, 2013, Roof Tech ultimately produced a copy of the insurance policy, which was issued by National Fire. *Id.* at 2, ¶4. Because LAUI and RSUI did not learn the identity of the insurer, National Fire, until November 19, 2013, the Court finds that LAUI has presented good cause to justify the modification of this Court's Scheduling Order. The Court will now address the merits of the underlying motion for leave.

**B.**    **The Merits of the Motion for Leave to File Amended Third Party Complaint**

To determine whether or not National Fire is a proper third-party defendant, the Court must

5

determine if it *may* be liable to LAUI & RSUI, the impleading parties. Here, LAUI & RSUI contend that they are not liable to Cedar Ridge under the terms of the insurance policy. However, LAUI & RSUI contend that in the event that they may be, Roof Tech, and its insurer National Fire, are or *may* be liable to them for damage to the roof of the property allegedly caused by the defective workmanship and improper installation of tarps after Hurricane Isaac.  (R. Doc. 56-1, p. 3).

To determine whether or not Roof Tech is a proper third party defendant, the court weighs the four factors below:

### 1.    Prejudice Placed on the Other Parties

LAUI & RSUI seek to amend and file a third-party complaint for indemnity from National Fire, Roof Tech's insurer, for the alleged damages that Roof Tech may have caused to the roof of the property that it repaired. (R. Doc. 56-1, p. 2-3). Neither LAUI or Roof Tech address the prejudice factor with specificity.

"Prejudice" against other parties is somewhat fact-intensive. Courts weigh the prejudice factor against the potential risk of a party being forced to litigate separate suits, thereby increasing expenses and or legal costs, in the event the third-party defendant is not impled in the action.  *Vinmar*, at 6. Prejudice may also exist where the addition of the third-party will inconvenience the parties in the action by delaying recovery, or otherwise complicating litigation.  *Id.; see also Crews v. Country of Nassau,* 612 F. Supp. 2d 199 (E.D. N.Y. 2009); *Hancock v. Chicago Title Ins. Co.,* 263 F.R.D. 383 (N.D. Tex. 2009).

Likewise, when the addition of a third-party defendant will not unnecessarily complicate or otherwise cause disadvantages amongst the parties, any potential prejudice may be outweighed by the advantages of efficient resolution of the action. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1443, n.10 (3d ed. 2010); *see also Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956).

6

Neither Roof Tech or LAUI address this argument. However, the Court finds that to the degree National Fire has concerns about its ability to defend the claim, it may alleviate this issue by seeking a short continuance. Therefore, its addition will not prejudice existing parties.  As such, the Court finds this factor weighs in favor of granting leave to amend.

## 2.    **Undue Delay**

Neither LAUI or Roof Tech address whether the addition of National Fire would cause an undue delay of this action. Undue delay is a factor that would weigh against the addition of a third-party defendant when the addition of this party would delay completion of discovery, or would unnecessarily complicate the litigation between parties that are already present.[1]

The Scheduling Order issued by this Court provides that the deadlines for depositions and taking discovery are to be completed no later than January 21, 2014. (R. Doc. 41, p. 2). The underlying motion for leave to file the third-party complaint against National Fire was filed on November 26, 2013, and noticed for submission on December 11, 2013. (R. Doc. 69). This time frame only gives the parties one month to issue summons, propound additional discovery and / or schedule depositions as to a new potential defendant.

However, the Court finds that the interests of Roof Tech and of National Fire, as the insurer of Roof Tech, are aligned. As such, there would be an overlap of witnesses and permitting the amendment would not result in an undue delay. Furthermore, the Court finds that this request was not filed with a substantial delay, as the policy of insurance was not produced until November 19, 2013,

---

[1]*See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1443, n.13 (3d ed. 2010); *see also Highlands Ins. Co. v. Lewis Rail Serv. Co.,* 10 F.3d 1247 (7th Cir.1993) (defendant's motion for leave to file third-party complaint was denied because he waited until after discovery and three weeks before summary-judgment motions were due, with no excuse other than to save money); *see also DeRubeis v. Witten Tech's, Inc.,* 244 F.R.D. 676 (N.D. Ga. 2007) (denying leave to file third-party complaint because the addition of the third-party would expand the scope and create uncertainty in an already contentious discovery process); *Saunders v. Jim Emes Petroleum Co., Inc.,* 101 F.R.D. 405 (W.D. Pa. 1983); *Connell v. Bernstein-Macauley, Inc.*, 67 F.R.D. 111 (S.D.N.Y. 1975).

and the instant motion was filed on November 26, 2013. As such, the Court finds this factor weighs in favor of granting leave to add National Fire.

      **3.**      <u>**Lack of Substance to the Third Party Claim**</u>

In support of their motion, Defendants LAUI and RSUI seek to add National Fire, the insurer of Roof Tech for indemnity of the damages Roof Tech allegedly caused to the roof of Cedar Ridge's property, pursuant to Rule 14(a)(1). (R. Doc. 56-1, p. 3).

In opposition, Roof Tech argues that because LAUI and RSUI do not have a claim against Roof Tech, nor even if they were to establish that Roof Tech's alleged faulty repairs caused damages to Cedar Ridge's roof, LAUI and RSUI do not and will not ever possess a claim against National Fire. (R. Doc. 63, p. 1). Roof Tech argues that LAUI and RSUI did not apprise the Court of the existence of *State v. Reliance Ins. Co.,* 487 So.2d 160 (La. App. 4th Cir. 1986), where a Louisiana Appellate Court dismissed as a matter of law, an insurer's third-party claim against contractors and architects, where the insurance carrier issued a multi-peril policy of insurance which Roof Tech argues is directly applicable to the instant action. *Id.* Therefore, Roof Tech contends that because LAUI and RSUI cannot show a basis for liability against Roof Tech, "consequently" it cannot show a basis of liability against National Fire. *Id.*; *citing McCain v. Clearview Dodge Sales, Inc.,* 574 F.2d 848, 849 (5th Cir. 1978).

LAUI and RSUI filed a reply to Roof Tech's opposition, which argues that *State v. Reliance Ins. Co.,* is factually distinguishable from the facts in this case as the facts in *Reliance* involved the State of Louisiana, as the insured, suing its insurer, Reliance Insurance Company for hailstorm damage to the roof of the Louisiana Superdome. (R. Doc. 75, p. 3, citing *State v. Reliance Ins. Co.,* 487 So.2d at 161). In *Reliance,* the insurer answered the State's claim by denying liability on the policy, and then brought a series of third party demands against several Superdome architects, engineers, materials

suppliers and construction contractors and their insurers, alleging that the damage to the roof would not have occurred but for their negligence or other fault in construction. *Id.* The third party demands sought indemnity or contribution as well as legal and conventional subrogation to the rights of the State in the event Reliance was held liable under its insurance contract.

Reliance answered the third-party demand and filed its own series of third party demands against several Superdome architects, engineers, materials, suppliers and construction contractors and their insurers. Reliance sought indemnity or contribution as well as legal and conventional subrogation to the rights of the State in the event Reliance was held liable under its insurance contract. The third-party defendants filed exceptions of no cause of action, which was granted by the Trial Court. In so ruling, the trial judge found that Reliance's policy undertook to insure against the risk of any construction defects, and therefore it had no cause of action for defense and indemnity.

Reliance appealed the decision. The Appellate Court found that Reliance had no cause of action against the parties who designed, constructed, and supplied the materials for the original construction of the roof of the Superdome, because the State was seeking damages from the hailstorm alone, and not for faulty construction. Therefore, the Court found that Reliance did not have an indemnity claim against the third party defendants, because they could not be derivatively liable or secondarily liable to Reliance for any part of the principal demand and that the law does not permit Reliance to bring in the claim by alleging that these defendants are liable to the State directly. *Id.* at 4; *Reliance,* 487 So. 2d 162-63.

Rule 14(a) impleader does not require an identity of claims, or even that the third-party claim rest of the same theory as the principal demand.  *Vinmar,* at *5; citing *Am. Fid.*, 232 F.2d at 92.  But impleader does require that the liability of the "third-party defendant be dependent on the liability of the third-party plaintiff," so that substance, or plausibility, exists as to the third-party demand.  *Vinmar,*

at *5; *citing Fischbach v. Capital One Bank (USA), N.A*., 2011 WL 71207, at *3 (D. Minn. Jan. 7, 2011)(citations omitted); see also *Briones*, 2008 WL 4200931, at *2; *U.S. v. Sensient Colors, Inc.*, 2009 WL 394317, at *11 (D.N.J. Feb 13, 2009); *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008)("[A] third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant ... [t]he third-party complaint is in the nature of an indemnity or contribution claim." (citations omitted)).

Indemnity "may be 'express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement.'" *Marco Ltd. Partnership v. Bruks-Klockner, Inc*., 430 Fed. App'x 332, 335 (5th Cir. 2011). Indemnity "is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss." *Marco*, 430 Fed. App'x at 335; (*citing* 42 C.J.S. Indemnity at § 2 (1991)). A claim for legal indemnity "arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed." *Id.* (citation omitted).

A third-party claim for indemnity should be dismissed if "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings ... in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267–68 (5th Cir.1991) (citation and internal quotation marks omitted). In determining whether a theoretical basis for indemnity exists, "[s]crutiny is ... directed at the nature ... of the fault, if any, of the party seeking indemnity." *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976, 984–85 (5th Cir.1985) (construing Louisiana law). An action for indemnity will lie so long as the party's fault "can be characterized as merely technical or

10

constructive," and where the party "was exposed to liability and compelled to pay damages . . . on account of the negligent act of" the third-party defendant." *Id.*       Although the Court is aware that the Court in *Reliance* dismissed an insurer's third party demand against the contractors, builders, subcontractors, architects, etc., of the Superdome, the Court finds that the facts presented before the Court therein are factually distinguishable from those presently before it. Specifically, LAUI and RSUI are not seeking indemnity from the manufacturers, builders and contractors of Cedar Ridge's shipping center, rather they are seeking indemnity from Roof Tech, and its insurer, for their alleged faulty repair / workmanship that potentially caused extensive damage to the roof of the shopping center, which is matter of this action.

Furthermore, the Court finds that *Reliance* does not stand for the proposition that an insurer may not bring a third party demand as a matter of law against parties who may also be liable for the damages, but instead, upholds the rationale of *Gurtler, Hebert & Co. v. Weyland Machine Shop,* 405 So. 2d 660 (La. App. 4th Cir. 1981), "which [upheld] third party demands by defendants against parties allegedly responsible for the damages which were the **basis of the principal demand**. These cases represent the proper liability-shifting use of third party practice . . ." and were found to be distinguishable from the insurer's attempt to "completely avoid liability for the hail damage." *See Reliance,* 487 So.2d at 163.

Stated similarly, the Fifth Circuit has stated that at the third-party complaint stage, "we are only concerned whether [third-party plaintiff] has stated in its third-party complaint, a plausible basis for an entitlement to legal indemnity . . . [and] we do not decide whether, or under what circumstances any of the theories of relief will ultimately support an indemnity claim." *Marco,* 430 Fed. App'x at 338 (where the Fifth Circuit overruled the District Court's dismissal of a third-party complaint due to the district court's narrow interpretation of Louisiana indemnity law. . .which provided in pertinent part

11

that "preparing defective designs is not a viable indemnity claim under Louisiana law . . . and for [third party defendant] to have true derivative liability, it would have [had] to be directly liable to the Plaintiff for the defective designs themselves.") (*Id.* at 332, 336).

Here, the Court finds that this the addition of National Fire would not absolve any potential liability LAUI & RSUI may have to Cedar Ridge. Instead, it provides a recourse for LAUI & RSUI to recover reimbursement for payments it may be forced to pay for any damages allegedly caused by Roof Tech.

Although National Fire will be forced to litigate a claim as the insurer of Roof Tech, if Roof Tech's repair was at least a contributing factor of Cedar Ridge's damages, LAUI and RSUI could institute a separate action against it and its insurer, National Fire, outside of the instant action. As such, the Court finds that this factor weighs in favor of allowing National Fire to be joined as a third-party defendant, as LAUI & RSUI validly stated a plausible claim for indemnity.

**4**.        **Advancing the Purposes of Rule 14: Avoiding Duplicative Litigation**

Neither LAUI and RSUI, or Roof Tech address whether the addition of National Fire would cause duplicative litigation. Here, as analyzed under the substance factor, it is likely that denying the Motion for Leave to File the Third-Party Complaint would produce duplicative litigation, as LAUI and RSUI would be forced to bring any potential claim they may have against National Fire in a separate suit. *Id.* Therefore, this factor heavily weighs in favor of granting the Motion for Leave to File Third-Party Complaint.

Based on the above law and facts, this Court finds that all four factors were satisfied by LAUI and RSUI. Therefore the Court herein grants the request for leave to file a Third-Party Complaint against National Fire.

**IV.   Conclusion**

12

Accordingly,

**IT IS ORDERED** that Defendants, LAUI and RSUI's **Motion for Leave of Court to File First Supplemental and Amending Third Party Complaint and Request for Expedited Hearing (R. Doc. 56)** is **GRANTED.**

The Clerk is directed to file the proposed Third-Party Demand into the record.

New Orleans, Louisiana, this 8th day of January 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

13