UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CEDAR RIDGE, LLC**      **CIVIL ACTION**

**VERSUS**      **No. 13-672**

**LANDMARK AMERICAN INSURANCE**      **SECTION I**
**COMPANY ET AL.**

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment by third-party defendant, Roof Technologies, Inc. ("Roof Tech"), to which third-party plaintiffs, Landmark American Insurance Company and RSUI Indemnity Company ("collectively, "Landmark"), have filed an opposition.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

On April 10, 2013, plaintiff, Cedar Ridge, LLC ("Cedar Ridge"), filed a complaint against Landmark seeking to recover for damages sustained by the Riverlands Shopping Center ("Riverlands") pursuant to an insurance policy issued by Landmark to Cedar Ridge.[3] According to Cedar Ridge, the damages were a result of Hurricane Isaac.[4] After Hurricane Isaac, Cedar Ridge contracted with Roof Tech to perform "emergency mitigation work,"[5] which generally consisted of fastening tarps to Riverlands' roof.[6]

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 81; *see also* R. Doc. No. 88.
[3] R. Doc. No. 80-2, ¶ 1.
[4] R. Doc. No. 80-2, ¶ 2; *see also* R. Doc. No. 1, at 2-3.
[5] R. Doc. No. 80-2, ¶ 3.
[6] R. Doc. No. 1, at 3, 6; *see also* R. Doc. No. 80-5, at 2; R. Doc. No. 81-3, at 2.

Landmark denied Cedar Ridge's insurance claim, asserting that the emergency mitigation work caused additional damage to Riverlands.[7] As the basis for its denial, Landmark has invoked a policy exclusion, which applies to "faulty, inadequate or defective . . . workmanship, repair, construction, renovation, remodeling, grading, [and] compaction," and to "faulty, inadequate, or defective . . . materials used in repair, construction, renovation, or remodeling."[8]

On September 10, 2013, Landmark filed a complaint against Roof Tech, asserting that, "in the event [Landmark is] held liable to plaintiff for any of the claims asserted, third party defendant, Roof Technologies, Inc. is liable to [Landmark] for the damage it caused to the property at issue as a result of its defective workmanship and by the improper installation of tarps on the roof following Hurricane Isaac."[9] Landmark also subsequently filed a supplemental and amending third-party complaint, adding Roof Tech's insurer, National Fire Insurance of Hartford, as a third-party defendant.[10] The Court has not been advised of whether Roof Tech's insurer has been served yet.[11]

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."

---

[7] R. Doc. No. 80-2, ¶ 5.
[8] R. Doc. No. 80-2, ¶ 6; *see also* R. Doc. No. 80-4, at 58.
[9] R. Doc. No. 31, at 2.
[10] R. Doc. No. 90.
[11] *See* R. Doc. No. 91 (issuing summons).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II. Analysis

Roof Tech has moved for summary judgment on the basis that it is not liable to Landmark regardless of whether the damages allegedly caused by Roof Tech are subject to the policy exclusion.[12]

---

[12] R. Doc. No. 80-1.

A third-party plaintiff's demand "is sustainable if at all on one of two alternate premises. Either it should prevail on its own third party claim against [the third-party defendant]," or it should do so through subrogation. *Boyer v. Trinity Univ. Ins. Co. of Kans.*, 576 So. 2d 444, 446 (La. 1991). The latter theory of recovery is not at issue because Landmark has not disputed Roof Tech's assertion that Landmark has not made any payment to Cedar Ridge,[13] and "subrogation, whether by contract or as a matter of law, can only take place upon payment." *See id.* at 447 (quoting *State v. Reliance Ins. Co.*, 487 So. 2d 160, 161-62 (La. App. 4th Cir. 1986)). Accordingly, the Court turns to whether Landmark has "its own third party claim" against Roof Tech. *See id.* at 446.

"Where a third party demand does not allege that the third party defendant is a warrantor of the third party plaintiff or is liable [to the third party] for all or part of the principal demand, . . . that third party demand fails to state a cause of action." *Id.* at 446. Here, Landmark's third-party demand "can only appropriately assert that [Roof Tech] is bound to reimburse [Landmark] should [Landmark] be found liable on [Cedar Ridge's] main demand." *Id.* at 446-47.

Cedar Ridge's main demand, as set forth in the complaint, is premised on hurricane damage, rather than on an allegation that Roof Tech performed faulty repairs relative to the hurricane damage.[14] Landmark argues, however, that *Landry v. Puritan Insurance Co.*, 422 So. 2d 566 (La. App. 3d Cir. 1982), demonstrates that summary judgment is unwarranted.

In *Landry*, the plaintiff owned a mobile home that was damaged by a windstorm. *Id.* at 567. The plaintiff sued his insurer for failure to pay insurance benefits, and the insurer brought a third-party claim against the manufacturer of the mobile home, alleging that the mobile home had been

---

[13]R. Doc. No. 80-2, ¶ 7.
[14]R. Doc. No. 1, at 5-6 (alleging that Landmark "misrepresent[ed]" that Roof Tech caused further damage).

-4-

negligently manufactured. *Id.* The manufacturer argued that, because the plaintiff's suit sought to recover for damages from a windstorm, the manufacturer could not be held liable to the insurer. *Id.* In finding that the third-party claim was a valid basis for relief, the court relied on the conclusion that the insurance policy at issue could apply "regardless of whether or not any manufacturing defects in the mobile home contributed to the loss." *Id.* at 568.[15]

Roof Tech argues that *Landry* is distinguishable and unpersuasive. Roof Tech relies on *State v. Reliance Insurance Co.*, 487 So. 2d at 161-62.[16] In that case, the court concluded that an insurer, which the state of Louisiana sued for failing to pay for damages allegedly caused by a hailstorm, could not bring a third-party claim against the architects, engineers, materials suppliers, and construction contractors of the Louisiana Super Dome. *Id.* The court concluded that because the principal demand sought only to recover for hailstorm damage, "the third party defendants cannot be derivatively or secondarily liable *to Reliance* for any part of the principle demand, and the law will not permit Reliance to bring in the third party defendants by alleging that they are liable to the State directly." *Id.* at 162. The *Reliance* court rejected the reasoning in *Landry*, finding its "rather cryptic[]" analysis unpersuasive. *Id.*

The Court need not attempt to reconcile these cases or choose between them. If the policy does not apply to any damages caused by Roof Tech's allegedly faulty work, then under the reasoning in both *Landry* and *Reliance*, Roof Tech is entitled to summary judgment on Landmark's claim.

---

[15]Landmark also relies on *Aetna Insurance Co. v. Naquin*, 488 So. 2d 950 (La. 1986), but that case was premised on a subrogation claim.
[16]R. Doc. No. 80-1, at 6.

The parties dispute whether a genuine issue of material fact exists as to whether any damages caused by Roof Tech's allegedly faulty work are a covered loss under the policy.[17] Roof Tech relies on the plain language of the policy and the deposition testimony of Susan Elaine Smith ("Smith"), Landmark's Rule 30(b)(6) representative.[18] Landmark relies on a letter it received from Cedar Ridge.[19]

The Court agrees that the plain language of the policy indicates that an exclusion applies to any damage caused by Roof Tech's allegedly faulty work. The policy provides, in pertinent part:

> 3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
> . . . .
> c. Faulty, inadequate or defective:
> . . . .
> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> (3) Materials used in repair, construction, renovation or remodeling; or
> (4) Maintenance;
> of part or all of any property on or off the described premises.

The plain language of the policy excludes damage resulting from faulty workmanship, repair, or construction, and Landmark's third-party complaint is premised on "defective workmanship" and the "improper installation" of tarps.[20] Accordingly, this evidence supports Roof Tech's motion for summary judgment.

---

[17]R. Doc. No. 80-1, at 9; R. Doc. No. 81-1, at 1.
[18]R. Doc. No. 88, at 2 (citing R. Doc. No. 81, at 2-3); *see also* R. Doc. No. 80-5.
[19]R. Doc. No. 81, at 8.
[20]R. Doc. No. 31, at 2.

Smith's testimony is consistent with the terms of the policy. She testified, "The tarps would be covered because the policy provides for a temporary repair cost . . . to mitigate your damages. . . . But the tarps – the work, how they put them up there and the additional damage caused by the installation of these temporary tarps is what this exclusion we believe applies to."[21] She also testified that she considered the damages resulting from the placement of the tarps to be caused by faulty materials, repairs, and workmanship, subjecting these damages to the policy exclusion.[22]

To support the assertion that there is a genuine issue of fact as to whether the policy exclusion applies to the allegedly faulty repairs,[23] Landmark cites to a November 3, 2012 settlement demand letter from Cedar Ridge, which states, "[W]e do not agree that the exclusion is applicable" because Roof Tech was engaging in "a mitigation activity, as opposed to a repair activity."[24] Roof Tech correctly contends that this letter is inadmissible hearsay. *See Mersch v. City of Dallas, Tex.*, 207 F.3d 732, 734–35 (5th Cir. 2000).[25] Moreover, the statement in the letter relied on by Landmark is a conclusory assertion of disagreement with the position taken by Roof Tech, which is supported by admissible evidence. Such a statement does not suffice to create a genuine issue of material fact. *See Little*, 37 F.3d at 1075.

Admissible evidence shows that faulty repairs, including faulty short-term mitigation repairs, are subject to a policy exclusion,[26] and Landmark, the only party who opposes Roof Tech's motion, has not come forward with any admissible evidence to the contrary. *See Matsushita*, 475 U.S. at 587.

---

[21]R. Doc. No. 80-5, at 6.
[22]R. Doc. No. 80-5, at 7-8.
[23]R. Doc. No. 81, at 8.
[24]R. Doc. No. 81, at 8; *see also* R. Doc. No. 81-5, at 2-3.
[25] Of note, plaintiff has not taken such a position by, for example, opposing Roof Tech's motion.
[26]*See* R. Doc. No. 80-5; *see also* R. Doc. No. 80-2.

The Court concludes that there is no genuine issue of material fact and that the policy exclusion applies to Roof Tech's allegedly faulty repairs.

## CONCLUSION

The admissible evidence shows that the principal demand in this case, as set forth in Cedar Ridge's complaint, does not encompass the damages allegedly caused by Roof Tech, and there is no subrogation claim pending before the Court. *See Boyer*, 576 So. 2d at 446. Accordingly, the Court concludes that Landmark's third-party complaint against Roof Tech is baseless. Moreover, because Landmark's claim against National Fire Insurance Company of Hartford is premised solely on that company's role as Roof Tech's insurer, dismissal of the first supplemental and amending third-party complaint is also warranted.[27]

**IT IS ORDERED** that Roof Tech's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Landmark's third-party complaint against Roof Tech is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Landmark's first supplemental and amending third-party complaint against National Fire Insurance Company of Hartford is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, January 27th, 2014.

                                                  LANCE M. AFRICK
                                   UNITED STATES DISTRICT JUDGE

---

[27]The Court dismisses the first supplemental and amending third-party complaint without prejudice because the record does not demonstrate whether National Fire Insurance Company of Hartford has been served.