UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDAR RIDGE, LLC | CIVIL ACTION NO. 2:13 cv 672 |
| Plaintiff, | |
| v. | |
| LANDMARK AMERICAN INSURANCE COMPANY AND RSUI INDEMNITY COMPANY | JUDGE: "I" |
| Defendants. | MAGISTRATE: "4" |
| FILED: _____ | _____ |
| | DEPUTY CLERK |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY DEFENDANTS' EXPERTS

MAY IT PLEASE THE COURT:

Defendants, Landmark American Insurance Company and RSUI Indemnity Company (hereinafter referred to collectively as "Landmark"), respectfully submit this memorandum in opposition to plaintiff's motion to exclude testimony of Philip Ambrose and Richard Windham. Defendants oppose the motion on the grounds that the testimony of Mr. Ambrose and Mr. Windham is admissible in that it is highly relevant and will assist the trier of fact to understand the evidence at issue regarding the handling of this claim and the evaluation of the damages and the cause of the damages.

I.   **Philip Ambrose's Testimony is Admissible**.

Plaintiff has failed to cite a single valid reason for the draconian relief requested, e.g. the wholesale exclusion of the testimony of a witness who clearly has the credentials to testify as to his adjustment and evaluation of this insurance claim and his findings. A review of Philip Ambrose's resume, in depth report and deposition testimony demonstrate that his testimony is

relevant and admissible. Exhibit 1, Philip Ambrose's Resume; Exhibit 2, December 5, 2013 Report, Exhibit 3, Ambrose's Deposition taken on January 4, 2014. Philip Ambrose has worked in the insurance industry since 1986. Exhibit 1. He has been employed by an insurance company, self-employed as a claim consultant, and currently works as an independent loss adjuster and principle of Engle, Martin & Associates, Inc., an insurance adjusting firm. Exhibit 1; Exhibit 3, pp. 9-12. He also owned a roofing company during his career. Exhibit 3, p. 224. He is a licensed Insurance Adjuster in Louisiana and eleven (11) other states. Exhibit 1. He has been involved in the handling of first party insurance claims, both personal and commercial lines, since 1986 including those involving loss of and damage to various structures and buildings, including shopping centers/commercial buildings caused by all types of damage, including wind/hurricane damage. Exhibit 1. He is a Windstorm Insurance Network Certified Umpire and Appraiser and has served in both capacities in resolving valuation disputes. Exhibit 1. He has been involved in the management of claims and retained as a consultant and expert witness in numerous matters. Exhibit 1.

Mr. Ambrose's opinions expressed in his report and deposition testimony are based on his extensive experience and training as an adjuster; his review of the voluminous documentation provided in this matter by plaintiff and other parties; and multiple inspections of the property. He has handled the adjustment of this claim using accepted standards of adjustment practice within the insurance industry.

Mr. Ambrose initially inspected this loss on September 17, 2012 which was three days after it was reported to the defendant by plaintiff. Exhibit 2. At that time, inspection of the wind damage to the roof was not possible due to the mechanically fastened tarps on the roof. Exhibit 2. A reinspection of the roof was made on September 21, 2012 at which time he found

that the flashing cement used to seal the tarp installations was not adhering to the roof membrane and areas of significant water ponding was present in many areas. Exhibit 2. The fact that the tarp repairs were not watertight lead to interior leaks. Exhibit 2. Mr. Ambrose also inspected the property on October 10 and 11, 2012 and returned for a final inspection on June 24, 2013. Exhibit 2. He determined that the temporary repairs to the roof by Roof Technologies, Inc. were inappropriate and deficient causing additional damage to the roof. Further, he found that the damage to the roof caused by wind did not require the replacement of the roof. Exhibit 2, pp. 17-18 (Mr. Ambrose's findings and opinions).

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. The Rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court interpreted Federal Rule of Evidence 702 as requiring the court to ensure that an expert's testimony is both reliable and relevant to the case at hand. *Id.* A5 589, 113 S.Ct. 2786. Mr. Ambrose's extensive background and experience in the insurance industry qualify him to testify as an expert in this case. His testimony as an expert in insurance claims adjusting and his evaluation of this first party claim will be helpful to a jury in evaluating plaintiff's claim. Mr. Ambrose is a reliable witness whose proffered expert testimony meets Rule 702 admissibility and relevancy requirements.

Mr. Ambrose conducted numerous inspections first hand of the property and independently assessed the damages to the roof and evaluated the damage repair estimates submitted by plaintiff's own adjuster, Ray Gonzales. His testimony is essential to explain to the

jury as to how this claim was adjusted. As shown above, plaintiff's unfounded and unsupported claim that Mr. Ambrose's testimony is inadmissible fails to establish any legitimate grounds for the instant motion.

    II.    **Richard Windham's Testimony is Admissible**.

Mr. Windham, as explained in plaintiff's memorandum, is the President of Unified Building Sciences & Engineering, Inc. (UBSE). As one of the principal engineers at UBSE, it is his responsibility to review and evaluate Ian Ambrose's opinions and conclusions. Exhibit 4, Deposition of Ian Cranston, pp. 44-45. His credentials are extensive and he has been involved in forensic investigations which involve determining the cause and/or the extent of damages caused by wind to roofing and providing litigation support. Exhibit 5, Professional Resume of Richard Windham; Exhibit 6, Litigation Support. He obtained has Bachelor's degree in Civil Engineering Technology from New Mexico State University in 1995 and has over 23 years of service in the U.S. Naval Construction Force. Exhibit 5.

The three reports prepared by UBSE have been produced by defendants to plaintiffs. They include: (1) UBSE 11/1/12 Report (Exhibit 7); (2) UBSE 11/12/12 Report (Exhibit 8); and UBSE 12/5/13 Report (Exhibit 9). As a principal engineer and President at UBSE, Mr. Windham peer reviewed these reports and their content and opinions. The final report dated 12/5/13 was signed by Mr. Windham. Peer reviews are conducted in a profession such as engineering to maintain the standards, quality and also to provide credibility. Mr. Windham is certainly qualified to testify as an expert and render an opinion as to UBSE's findings during its investigation of this claim.

Defendants' Witness List does list Ian Ambrose and/or a representative of UBSE which would clearly include Mr. Windham who evaluated and performed the peer review of the reports

submitted in this matter by UBSE. R. Doc. 83. Defendants should not be denied the opportunity to call either Mr. Cranston or Mr. Windham at trial. Plaintiff's failure to timely depose Mr. Windham should not deprive defendants of that right.

### III.   Conclusion.

Based on the foregoing, defendants respectfully submit that plaintiff's motion be denied.

Respectfully submitted,

BARRY & CO., LLC

   s/ Stephen R. Barry
STEPHEN R. BARRY (#21465), T.A.
*A Professional Law Corporation*
KATHLEEN C. MARKSBURY (#1902)
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553
Facsimile: (504) 525-1909

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has this date been electronically filed using the CM/ECF service which will notify counsel of record via electronic mail of this filing.
New Orleans, Louisiana, this 11th day of February 2014.

   s/ Stephen R. Barry
STEPHEN R. BARRY