UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CEDAR RIDGE, LLC**     **CIVIL ACTION**

**VERSUS**     **No. 13-672**

**LANDMARK AMERICAN INSURANCE**     **SECTION I**
**COMPANY ET AL.**

## ORDER AND REASONS

Before the Court is a motion[1] for partial summary judgment by defendants, Landmark American Insurance Company ("Landmark") and RSUI Indemnity Company ("RSUI"), to which plaintiff, Cedar Ridge, LLC ("Cedar Ridge") has filed an opposition.[2] The Court assumes familiarity with the general factual background of the case.

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[1] R. Doc. No. 103.
[2] R. Doc. No. 114.

-1-

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## ANALYSIS

Defendants seek a partial summary judgment dismissing plaintiff's claims for damages arising from Landmark's alleged bad faith conduct.[3] In its complaint, plaintiff seeks damages for defendants' alleged arbitrary and capricious failure to make timely payment and for defendants' alleged misrepresentations.[4] Defendants' motion only mentions the second basis for damages in

---

[3]R. Doc. No. 103-1, at 2.
[4]R. Doc. No. 1, at 5-6.

passing.[5] Accordingly, plaintiff's claim for damages based on alleged misrepresentations is not implicated by the present motion.[6]

Louisiana law establishes that insurers owe certain duties to their insureds when adjusting and paying claims. Louisiana Revised Statute § 22:1892 provides a penalty for an insurer's failure to pay a claim within thirty days after receipt of satisfactory proof of loss if the failure was arbitrary, capricious, or without probable cause. Louisiana Revised Statute § 22:1973 provides that an insurer owes a duty of good faith and fair dealing to an insured, and it similarly provides a penalty for an insurer's failure to pay a claim within sixty days after receipt of satisfactory proof of loss if the failure was arbitrary, capricious, or without probable cause. These statutes prohibit "virtually identical" conduct, the primary difference being the time periods allowed for payment. *Korbel v. Lexington Ins. Co.*, 308 F. App'x 800, 803 (5th Cir. 2009) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003)).

In order to recover penalties pursuant to these statutes, the insured must establish: "(i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." *Grilleta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (quoting *Boudreaux*

---

[5]Although defendants acknowledge the misrepresentation claim, they do not cite legal authority for the proposition that it should be dismissed. *See* R. Doc. No. 103-1, at 5. Different subsections of Louisiana Revised Statute § 22:1973 apply to the two claims.

[6]In its complaint, plaintiff alleges that defendants misrepresented that tarp repairs "were the cause of the roof failure, when the insurers had knowledge that the roof membrane had failed well before the installation of tarps," and that defendants additionally misrepresented that the use of adhesives contributed to the roof failure, notwithstanding the fact that the roof had already failed and that defendants had recommended the use of adhesives. R. Doc. No. 1, at 6.

*v. State Farm Mut. Auto. Ins. Co.*, 896 So.2d 230, 233 (La. App. 4 Cir. 2005)); *see also Reed*, 857 So.2d at 1020; *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So.2d 746, 752 (La. App. 2 Cir. 1999).

The Louisiana Supreme Court has interpreted "arbitrary and capricious" to mean vexatious. *La. Maint. v. Certain Underwriters*, 616 So. 2d 1250, 1253 (La. 1993). A vexatious refusal to pay is a refusal that is "unjustified, without reasonable or probable cause or excuse." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008) (citing *Reed*, 857 So. 2d at 1021). The insured must "clearly show[] that the insurer was arbitrary, capricious, and without probable cause in refusing to pay." *Block*, 742 So.2d at 751; *Reed*, 857 So.2d at 1021. "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Reed*, 857 So.2d at 1021. "The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Id.* These statutes are "penal in nature and, consequently, must be strictly construed." *Hart v. Allstate*, 437 So. 2d 823, 827 (La. 1983).

A determination of whether an insurer's failure to pay a claim was arbitrary and capricious is a finding of fact. *Grilleta*, 558 F.3d at 368. Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations concerning the reasonableness of the insurer's actions. *Hartenstein v. State Farm Fire & Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3 & n. 22 (E.D. La. June 10, 2008) (Africk, J.) (denying motion for summary judgment when the plaintiff's pre-litigation expert presented insurer with information that contradicted the insurer's expert report and created fact issue regarding the reasonableness of the insurer's conduct). However, "[u]nder the *Celotex* standard, if the nonmoving party will bear the burden of proof at trial, then it is incumbent upon that party to set out specific facts showing that a genuine issue exists in order to

defeat a summary judgment motion." *Gates v. Auto Club Family Ins. Co.*, No. 06-4394, 2007 WL 1464259, at *3 (E.D. La. May 17, 2007) (Vance, J.) (granting summary judgment when plaintiffs failed to provide any facts indicating that the insurer's conduct was arbitrary and capricious); *Duhon v. State Farm Mut. Auto. Ins. Co.*, 952 So.2d 908 (La. App. 3 Cir. 2007) (same).

Defendants contend that even if Landmark's adjustment is ultimately found to be incorrect, "plaintiff has no evidence to establish Landmark acted arbitrarily and capriciously during the adjustment of its claim."[7] In response, plaintiff argues that Landmark's bad faith is evidenced by three circumstances: Landmark's adjuster's sudden reversal of position, Landmark's adjuster's use of "arbitrary standards," and Landmark's delay in advising plaintiff that the claim exceeded the deductible.[8] The Court concludes that these arguments, which overlap to some extent, give rise to a genuine issue of material fact as to whether Landmark acted in bad faith.

Plaintiff argues that Landmark's bad faith is evidenced by its adjuster's sudden reversal of position between September 18, 2012, and September 20, 2012, which correlates with the adjuster's communications with Landmark.[9] Specifically, Philip Ambrose ("Ambrose"), Landmark's adjuster, prepared an estimate on September 18, 2012, that reflected that roof damages totaled $1,704,252.60.[10] A claim note prepared the same day by Susan Smith, a Landmark claim representative, reflects that Ambrose "confirms the damages both exterior and interior are fresh – the photos show clear roof damages – with interior damages as well. He does not believe an expert is needed given these circumstances. He believes the roof will exceed $1.5M."[11] On September 19,

---

[7] R. Doc. No. 103-1, at 2.
[8] R. Doc. No. 114, at 8.
[9] R. Doc. No. 114, at 4.
[10] R. Doc. No. 104-12, at 3.
[11] R. Doc. No. 104-13.

2012, however, Ambrose contacted Unified Building Sciences, Inc. ("UBS") to elicit their opinion on the tarp repairs.[12] An email from Ambrose to UBS on September 19 reflects that UBS was retained "due to the extent of loss/damage being reported by the insured's consultant, and the current lack of backup from the insured's consultant . . . regarding the extent of any damage under the tarps."[13] On September 20, 2012, Ambrose provided Landmark with a report stating that he was hiring UBS to "assist in the verification of roof damage."[14]

According to plaintiff, "the fact that Ambrose and Landmark took issue with the tarps prior to even inspecting the roof underneath them reveals their intent to deny the claim based on the 'repair' exclusion as early as September 19, 2012,"[15] and Ambrose's "sudden and peculiar reversal of his position after discussing the claim with Landmark" is further evidence of bad faith.[16] Whether or not the jury ultimately finds these arguments persuasive, plaintiff has "set forth facts" supporting its assertions and "showing that a genuine issue exists in order to defeat a summary judgment motion." *Gates*, 2007 WL 1464259, at *3.

With respect to plaintiff's allegation that Landmark utilized arbitrary standards for the payment of damages, this argument is partially foreclosed by the Court's order and reasons concluding that the installation of tarps and the use of adhesives were repairs and/or workmanship.[17] Insofar as plaintiff's argument relies on the related issue of whether Landmark not only erred by

---

[12] R. Doc. No. 114-3.
[13] R. Doc. No. 114-4.
[14] R. Doc. No. 104-15, at 2.
[15] R. Doc. No. 114, at 6.
[16] R. Doc. No. 114, at 7.
[17] *See* R. Doc. No. 117; R. Doc. No. 114, at 7-8.

attributing roof damage to the installation of tarps and the use of adhesives, but arbitrarily decided to do so before considering the relevant evidence, this argument survives summary judgment.

## CONCLUSION

Drawing all justifiable inferences in plaintiff's favor, a genuine issue of material fact precludes summary judgment as to whether Landmark acted arbitrarily and capriciously by attributing roof damage to the installation of tarps and the use of adhesives.

**IT IS ORDERED** that defendants' motion for partial summary judgment is **DENIED**.

New Orleans, Louisiana, March 7, 2014.

*[signature]*
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**